## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHONG SU YI                              *
             **Plaintiff,**
   v.                                    *        CIVIL ACTION NO. PWG-15-1401

ARCHBISHOP NEW ORLEANS            *
ARCHDIOSCESE OF NEW ORLEANS
           **Defendants.**                 *
                         **\*\*\*\*\***

## MEMORANDUM

On May 15, 2015, the Court received for filing a self-represented action filed under 28 U.S.C.

§ 1331 submitted by Chong Su Yi ("Yi"), a resident of Silver Spring, Maryland.  The Complaint is

far from a model of clarity.  Affording the self-represented complaint a generous interpretation, Yi

seemingly claims that the Archbishop of New Orleans, operating as a corporation, has for

unfathomable reasons violated the First Amendment because "it could not meet 'state best interest'

and state's right to categorize in 4 prong test under the First Amendment validation test."[1]  Compl.

2, ECF No. 1.   He seeks $1 million in damages and requests that the Archdiocese of New Orleans

cease to function as a corporation.  *Id.* at 3.  Because he appears indigent, Yi's motion for leave to

proceed in forma pauperis, ECF No. 2, shall be granted.

This Court is required to liberally construe self-represented complaints.  *Erickson v. Pardus,*

551 U.S. 89, 94 (2007).  Such self-represented complaints are held to a less stringent standard than

those drafted by attorneys, *id.*; *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal

district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

---

[1]     In an accompanying civil cover sheet, Yi identifies his cause of action as one for violation of
the "bill of rights [and] first amendment" and contends that Defendant is a "religion operating as
corporation" that "has published policy under religious belief." ECF No. 1-1.

development of a potentially meritorious case. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980). When a federal court is evaluating a self-represented complaint, the plaintiff's allegations are assumed to be true. *Erickson,* 551 U .S. at 93 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir.1990); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court reasonably can read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett,* 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

Further, pursuant to 28 U.S.C. § 1915,[2] the courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Fogle v. Blake*, 227 F. App'x 542, *1 (8th Cir. July 10, 2007) (affirming district court's pre-service dismissal of non-prisoner's § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston*

---

[2]     The statute provides, *inter alia*:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

*Cnty.,* S.C., 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

A complaint is frivolous, and therefore subject to dismissal, if it is without "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Even though, when reviewing a *pro se* complaint, such as Yi's, courts hold it "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 404 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss Yi's complaint if it fails to state a claim on which relief may be granted. Although a self-represented plaintiff's pleadings are liberally construed, the complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation and internal quotation marks omitted). Indeed, Yi must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. *Id.*

Upon a generous construction of the complaint, Yi has failed to set out a claim entitling him to relief. The factual assertions and legal conclusions raised in the document raise more questions than answers and do not even suggest a set of facts that could give rise to liability. Indeed, no set of facts is apparent from the complaint. The document contains no allegations of legal significance, fails to state a claim upon which relief may be granted against defendants or any party, and must be

dismissed.[3] For the aforementioned reasons, the Court hereby dismisses the case without prejudice

for the failure to state a claim against defendants.   A separate order follows.


Date: <u>June 3, 2015</u>                                  _____/S/_____

                                                         Paul W. Grimm
                                                         United States District Judge

---

[3]      Yi is a frequent filer in this court.  This case represents the twelfth case filed by Yi since
January of 2014.  Based upon a review of Yi's earlier complaints, the Court finds that it would be
an exercise in futility to have him supplement this complaint.